| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeffrey S. Shinbrot, Esq. (SBN 155486)<br>jeffrey@shinbrotfirm.com<br>JEFFREY S. SHINBROT, APLC<br>15260 Ventura Blvd., Suite 1200<br>Sherman Oaks, CA  91403<br>Telephone:  (310)  659-5444<br>Fax:  (310)  878-8304<br><br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Frisco Baking Company, Inc.<br><br><br><br>Debtor(s). | CASE NO.: 2:25-bk-11395-NB<br><br>CHAPTER: 11<br><br>ADVERSARY NO.: |
|---|---|
| Frisco Baking Company, Inc.<br><br><br><br><br>Plaintiff(s)<br>Versus<br>BAKERY & CONFECTIONARY UNION & INDUSTRY INTERNATIONAL PENSION FUND<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____ | **Address:** |
|---|---|
| **Time:** _____ | ☐  255 East Temple Street, Los Angeles, CA 90012 |
| **Courtroom:** _____ | ☐  3420 Twelfth Street, Riverside, CA 92501 |
| | ☐  411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐  1415 State Street, Santa Barbara, CA 93101 |
| | ☐  21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                              **KATHLEEN J. CAMPBELL**
                              **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
                      Deputy Clerk

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____     _____     _____
Date                                            *Printed Name*                                            *Signature*

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

B1040 (FORM 1040) (12/15)

<table>
<tr>
<td colspan="2"><strong>ADVERSARY PROCEEDING COVER SHEET</strong><br>(Instructions on Reverse)</td>
<td><strong>ADVERSARY PROCEEDING NUMBER</strong><br>(Court Use Only)</td>
</tr>
</table>

| **PLAINTIFFS**<br>Frisco Baking Company, Inc. | **DEFENDANTS**<br>Bakery & Confectionary Union & Industry International Pension Fund |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>JEFREY S. SHINBROT, APLC; Jeffrey S. Shinbrot, Esq.<br>15260 Vemtura Blvd., #1200,Sherman Oaks, CA 91403<br>310-659-5444 | **ATTORNEYS** (If Known)<br>Wilke Fleury LLP c/o Daniel L. Egan, Esq.<br>621 Capitol Mall Ste. 900<br>Sacramento, CA 95814 |
| **PARTY** (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

1.Avoidance & Preservation of Preferential Transfers Made Within 90 days of Petition Date 2. Avoidance & Preservation of Constructively Fraudulent Transfer 3. For Disallowance of Claim & 4. Declaratory Relief Determining Amount and Nature of Claim

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>  Frisco Baking Company, Inc. | BANKRUPTCY CASE NO.<br>  2:25-bk-11395-NB | |
| DISTRICT IN WHICH CASE IS PENDING<br>  Central | DIVISION OFFICE<br>  Los Angeles | NAME OF JUDGE<br>  Neil W. Bason |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>    4/13/2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>    Jeffrey S. Shinbrot, Esquire | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Jeffrey S. Shinbrot, Esq. (SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA  91403
Telephone:  (310)  659-5444
Fax:  (310)  878-8304
Counsel for Frisco Baking Company, Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA –LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case Number: 2:25-bk-11395-NB |
| FRISCO BAKING COMPANY, INC., | Chapter 11 |
| Debtors. | Adversary Case Number: _____ |
| | COMPLAINT FOR: |
| FRISCO BAKING COMPANY, INC. | 1. AVOIDANCE & PRESERVATION OF PREFERENTIAL TRANSFERS MADE WITHIN 90 DAYS OF PETITION DATE; |
| Plaintiffs, | 2. AVOIDANCE & PRESERVATION OF CONSTRUCTIVELY FRAUDULENT TRANSFER; |
| v. | 3. FOR DISALLOWANCE OF CLAIM; & |
| BAKERY & CONFECTIONARY UNION & INDUSTRY INTERNATIONAL PENSION FUND, | 4. DECLARATORY RELIEF DETERMINING AMOUNT AND NATURE OF CLAIM |
| Defendant. | |

Chapter 11 debtor and debtor-in-possession Frisco Baking Company, Inc.

("Plaintiff" or the "Debtor"), complains as follows:

<u>JURISDICTION</u>

1.    This Court has jurisdiction over this adversary proceeding pursuant to 28

U.S.C. §§ 157(b) and 1334(b) and 28 U.S.C. §§ 1393(a) &1409.

///

COMPLAINT

2.      . This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), (E), (F) (H), (K), and (O). This adversary proceeding is brought pursuant to 11 U.S.C. §§ 502, 542, 544, 547, 548, 549, 550 and 551 and Rule 7001 of the Federal Rules of Bankruptcy Procedure This is a core proceeding under 28 U.S.C. § 157(b).

3.      This adversary proceeding arises in and under and relates to the bankruptcy case filed under Chapter 11 of the Bankruptcy Code (the "Code") entitled FRISCO BAKING COMPANY, INC., case number 2:25-bk-11395-NB (the "Bankruptcy Case"), which is pending before the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

4.      Plaintiff consents to entry of a final judgment herein. If and to the extent that the Court determines that it lacks jurisdiction or authority to enter a final judgment, Plaintiff requests that the Court submit findings of fact and conclusions of law for consideration by the District Court. Regardless of whether this is a core proceeding, consent is hereby given for the entry of final orders and judgments by the Bankruptcy Court.

5.      BAKERY & CONFECTIONARY UNION & INDUSTRY INTERNATONAL PENSION FUND filed a proof of claim in the Plaintiff's chapter 11 case on May 15, 2025, thereby consenting to the jurisdiction of the bankruptcy court.  A true and accurate copy of the Proof of Claim is annexed hereto as Exhibit 1 (hereafter referred to as the "Proof of Claim").

6.      Pursuant to 28 U.S.C. § 1409, venue is proper in the Central District of California because Debtor's Chapter 11 Bankruptcy case is pending in this district and division.

PARTIES

7.      Plaintiff is a California corporation and the chapter 11 debtor herein.

8.      Plaintiff is informed and believes, and based thereon alleges, that BAKERY & CONFECTIONARY UNION & INDUSTRY INTERNATONAL PENSION FUND

1                                                COMPLAINT

("Defendant") is a trust headquartered in Kensington, Maryland.

FACTUAL ALLEGATIONS

9.     Plaintiff is, and has been at times relevant hereto, the record owner of the real property commonly known as 635 W Avenue 26, Los Angeles, California 90065, and legally described as

> ALL OF LOT 6 AND LOTS 2, 3, 4 AND 5 EXCEPT THE NORTHERLY 90 FEET MEASURED AT RIGHT ANGELES OF SAID LOTS 2, 3, 4 AND 5 IN BLOCK 4 OF THE RIO VISTA TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1 PAGE 177 OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

(the "Property").

10.    On December 18, 2024, Defendant received a default judgment against Plaintiff in a case filed in the United States District of California and bearing case number 2:23-cv-07603-AB-RAO, in the amount of $1,304,291.76 (the "Judgment").

11.    On February 18, 2025, Defendant recorded an abstract of the Judgment in the County of Los Angeles which bears instrument number 20250102380 and is annexed to the Defendant's Proof of Claim as "Attachment 3" which created a judgement lien (the "Judgment Lien").

12.    On February 24, 2025 (the 'Petition Date"), FRISCO BAKING COMPANY, INC. (the "Debtor"), filed a voluntary petition under chapter 11 of the United States Bankruptcy Code.

13.    On the Petition Date the Property was encumbered by a voluntary mortgage in favor of PLM Loan Management Services for various beneficiaries in the amount of $747,000 and the Judgement Lien.

14.    The value of the Property on the Petition Date was approximately $1,300,000.

15. At the time of each and all of the recordation of the abstract of Judgment and the time of entry of the Judgment, Plaintiff was indebted to at least one creditor.

FIRST CLAIM FOR RELIEF

[Recovery of Preferential Transfer to 11 U.S.C. §547]

16. The Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 15 above.

17. Prior to the filing of the instant complaint, the Debtor reviewed its books and records and, through counsel, has had multiple discussions with Defendant regarding the Judgment Lien and based on reasonable due diligence, and taking into account the Defendant's known or reasonably knowable affirmative defenses, the Plaintiff has not found, is not aware of any viable defenses to the instant preference claim against Defendant.  Based thereon. Plaintiff demanded immediate release of the Judgment Lien and Defendant declined.

18. The recording of the abstract of the Judgment occurred within 90 days of the Petition Date.

19. The recording of the abstract of the Judgment was a transfer of interest in the Property of the Plaintiff.

20. The recording of the abstract of the Judgment created a secured interest in to the benefit Defendant.

21. The Judgment was based on an antecedent debt.

22. At the time of the recording of the abstract of the Judgment the Debtor was insolvent.

23. Since the recording of the abstract of the Judgment occurred within 90 days of the Petition Date, the Debtor is presumed to be insolvent.

24. The Judgment Lien encumbers approximately $553,000 in equity in the Property and therefore allows the Defendant receive more than it would have received if the Debtor's case were one under Chapter 7 of the Bankruptcy Code, the transfer had not

3

COMPLAINT

been made and the Defendant received payment of its alleged claim.

25. The recordation of the Judgment constitutes an avoidable preference pursuant to Section 547 of the Bankruptcy Code and based thereon should be avoided.

26. Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, the avoided Judgment Lien should be preserved for the benefit of the Plaintiff's bankruptcy estate.

## SECOND CLAIM FOR RELIEF

[Recovery of Constructively Fraudulent Transfer 11 U.S.C. §548(a)(1)(B) & Cal. Civ. Code § 3439.04(a)(2)]

27. The Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 26 above.

28. The recordation of the abstract of Judgment constitutes a transfer of property of the Plaintiff within two years of the Petition Date.

29. Plaintiff received less that equivalent value in exchange for the recordation of the abstract of the Judgment.

30. At the of the recordation of the abstract of Judgment the Plaintiff was insolvent or became insolvent as a result of the transfer.

31. The Judgment Lien is therefore avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) & Cal. Civ. Code § 3439.04(a)(2).

32. Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, the avoided Judgment Lien should be preserved for the benefit of the Plaintiff's bankruptcy estate.

## THIRD CLAIM FOR RELIEF

[For Disallowance of Claim under 11 U.S.C. §502(d)]

33. Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 32 above.

34. The recording of the abstract of the Judgment constituted an avoidable

4                                                                                    COMPLAINT

transfer pursuant to 11 U.S.C. §§547, 548(a)(1)(B) & Cal. Civ. Code § 3439.04(a)(2)].

35. Plaintiff has demanded, and Defendant has refused, to immediately release the Judgment Lien.

36. In accordance with 11 U.S.C. §502(d) the claims of Defendant must be disallowed.

FOURTH CLAIM FOR RELIEF

[Declaratory Relief to Determine Amount & Priority of Claim Pursuant to

11 U.S.C. §§502(b), 29 U.S.C. §1405]

37. The Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 36 above.

38. Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 7001, the Plaintiffs seeks a determination of the amount and nature of the Proof of Claim filed by Defendant bearing claim number 15-1 in the Debtor's chapter 11 case.

39. The Proof of Claim asserts that Plaintiff's asserts a "Secured Non-Priority Claim" in the amount of $1,315,226.37; however, there is no description for this portion of Defendant's claim of the liabilities, the interest rates applied to value alleged liabilities, withdrawal premiums or any discount rate applied to un-matured interest.

40. The Proof of Claim asserts an "Unsecured Non-Priority Claim" in the amount of $7,134,606.74, and appears to apply a withdrawal liability interest rate of 6.5 per cent in violation of *GCIU-Employer Retirement Fund v. MNG Enterprises, Inc.* (51 F.4th 1092, 9th Cir. 2022), which requires an interest rate based on the "best estimate of anticipated experience under the plan" and must consider the "experience of the plan and reasonable expectations."

41. The Plaintiff therefore is informed and believes that by applying interest rates in accordant with applicable law, the alleged liabilities would result in a reduction of the amounts set forth in the Proof of Claim.

42. The Plaintiff therefore requests a finding and Judgment declaring that the

methodology used by Defendant in calculating Plaintiff's liabilities resulted in an overstated liability and requests that the Bankruptcy Court reduce any claim asserted by Defendant in accordance with applicable law.

43.   On the Petition Date, the Debtor's total liabilities exceeded the fair market value of all of its assets.

44.   The Debtor's current chapter 11 plan[1] contemplates a sale of its business operations via 11 U.S.C. Section 363, which is expected to include all equipment and termination of the Debtor's bakery operations and constitutes a "liquidation" under 29 U.S.C. §1405(b).

45.   Based on the foregoing the Plaintiff requests a finding and Judgment declaring that any unfunded benefits allocable to Plaintiff shall not exceed 50 percent of the unfunded vested benefits allocable to the Plaintiff, and that portion of 50 percent of the unfunded vested benefits allocable to the Plaintiff employer (as determined under 29 U.S.C. §1405(a)(1), which does not exceed the liquidation or dissolution value of Plaintiff determined as of the commencement of liquidation or dissolution, and after reducing the liquidation or dissolution value of the employer by the amount determined under 29 U.S.C. §1405(a)(1).

46.   The Plaintiff also requests finding and an Order declaring that any amounts owed to Defendants are pre-Petition, general unsecured claims, not entitled to priority.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following:

A.   For Judgment in favor of the Plaintiff avoiding the Judgment Lien of Defendant as a preferential transfer pursuant to 11 U.S.C. §547.

B.   For Judgment in favor of the Plaintiff avoiding the Judgment Lien of Defendant as a constructively fraudulent transfer pursuant to 11 U.S.C. §548(a)(1)(B) &

---

[1] The Debtor's current chapter 11 plan (the "Plan") has not been approved by the Bankruptcy Court and the Debtor reserves the right to amend the Plan and amend this Complaint, including, without limitation, to seek relief under 29 U.S.C. § 1405(a), if applicable.

6                                                                COMPLAINT

Cal. Civ. Code § 3439.04(a)(2).

C.    For Judgment disallowing Defendant's Proof of Claim pursuant to 11 U.S.C. §502(d).

D.    For Judgment pursuant to the provisions of 11 U.S.C. §§550 and 551 of the Bankruptcy Code, adjudicating that the avoided Judgment Lien is preserved for the benefit of the Plaintiff's bankruptcy estate.

E.    For Judgment declaring that the methodology used by Defendant in calculating Plaintiff's liabilities set forth in the Proof of Claim resulted in an overstated liability.

F.    For reduction in the amounts statement in the Proof of Claim in accordance with applicable law.

G.    For Judgment declaring that any unfunded benefits allocable to Plaintiff be reduced in accordance with 29 U.S.C. §1405(b).

H.    For Judgment declaring that any claim of Defendant is a pre-Petition general unsecured claim.

I.    An award of attorney's fees and costs to Plaintiff, including, without limitation, in accordance with 29 U.S. Code § 1132

J.    Other relief as the Bankruptcy Court deems appropriate.

Dated:  April 14, 2026                              THE SHINBROT FIRM


                                                    By:   /s/Jeffrey S. Shinbrot
                                                    JEFFREY S. SHINBROT, Attorneys for
                                                    Plaintiff and Chapter 11 Debtor

**EXHIBIT 1**

**Fill in this information to identify the case:**

Debtor 1    Frisco Baking Company, Inc.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court    **Central District of California**

Case number:  **25–11395**

**FILED**

**U.S. Bankruptcy Court**
**Central District of California**

5/15/2025

**Kathleen J. Campbell, Clerk**

## Official Form 410
# Proof of Claim

**04/25**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Bakery & Conf. Union & Ind. Int. Pension Fund

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Bakery & Conf. Union & Ind. Int. Pension Fund | Bakery & Conf. Union & Ind. Int. Pension Fund |
| Name | Name |
| Wilke Fleury LLP c/o Daniel L. Egan<br>621 Capitol Mall, Suite 900<br>Sacramento, CA 95814 | Steven Brock, Manager Administrative Services<br>10401 Connecticut Avenue<br><br>Kensington, MD 20895 |
| Contact phone _____916–441–2430_____ | Contact phone _____3014683750_____ |
| Contact email ___degan@wilkefleury.com___ | Contact email _____sbrock@bcpen.org_____ |

Uniform claim identifier (if you use one):
_____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                     Proof of Claim                     page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: | 1145 |

7. **How much is the claim?**  $ _____8449833.11_____

**Does this amount include interest or other charges?**
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

contributions and withdrawal liability owed to Pension Fund

9. **Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**
☑ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:**    Judgment lien (attached)

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $ _____

**Amount of the claim that is secured:**    $ 1315226.37

**Amount of the claim that is unsecured:**    $ 7134606.74    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $ 8449833.11

**Annual Interest Rate** (when case was filed)    10 %

☐ Fixed
☑ Variable

10. **Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

11. **Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410    Proof of Claim    page 2

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    5/15/2025

           MM / DD / YYYY

/s/ Daniel L. Egan

Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Daniel L. Egan |
| | First name    Middle name    Last name |
| Title | Partner |
| Company | Wilke Fleury LLP |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 621 Capitol Mall, Suite 900 |
| | Number   Street |
| | Sacramento, CA 95814 |
| | City   State   ZIP Code |
| Contact phone | 916–441–2430     Email   degan@wilkefleury.com |

# ATTACHMENT 1

**In re Frisco Baking, 25-bk-11395-NB**
**Attachment 1**
**Bakery & Confectionery Union and Industry International Pension Fund**
**Proof of Claim**

**Summary of Claim**

**<u>Secured Non-Priority Claim</u>**:  $ 1,315,226.37

See Attachment 2, Judgment dated 12/18/2024, Bakery and Confectionery Union and Industry International Pension Fund, et al. v. Frisco Baking Company, Inc., 2:23-cv-07603-AB-RAO (C.D. Cal.) in the amount of $1,304,291.76 plus interest at the post-judgment rate under 28 U.S.C. 1961 (interest calculated through date of bankruptcy petition, at 4.5% for 68 days from 12/18/24 through 2/24/25 for total of $10,934.61 in pre-petition interest)

See Attachment 3, recordation of judgment lien

**<u>Unsecured Non-Priority Claim</u>**:  $7,134,606.74

Unpaid withdrawal liability owed under 29 U.S.C. 1381 et seq., calculated as follows:

- $5,762,016 in Unpaid monthly installments due from November 2023 through the end of the payment schedule, calculated based om multiplying the 216 unpaid payments by the monthly payment amount of $26,676.   See Attachment 4, 9/3/2021 Letter from Fund to Frisco Baking Re:  Demand for Payment of Withdrawal Liability; Attachment 5, 7/29/2024 Notice of Default.

- $201,275.90 in Interest due on the defaulted unpaid installment payments, calculated from the 9/27/2024 date of default through the 2/24/25 petition date at the 8.5% rate published by the PBGC for the time period of default.

- $18,911.64 interest due on withdrawal liability monthly installment payments paid late or unpaid through the date of default, at rates published quarterly by the PBGC for the quarter in which the payment was due.

- $1,152,403.20 liquidated damages owed under 29 USC 1132(g)(2)(C) and Article V, Section 4 of the Fund's Trust Agreement, calculated as 20% of the default amount. See Attachment 6, excerpt of Trust Agreement

# ATTACHMENT 2

JS-6

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND, <br><br> And, <br><br> TRUSTEES OF THE BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND, <br><br> PLAINTIFFS, <br><br> V. <br><br> FRISCO BAKING COMPANY, INC., a California Corporation, <br><br> DEFENDANT. | CASE NO. 2:23-cv-07603-AB-RAO <br><br> **JUDGMENT GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT FRISCO BAKING COMPANY, INC.** |

Pursuant to the Order Granting Plaintiffs' Motion for Default Judgment (ECF No. 23), IT IS HEREBY ADJUDGED that Judgment is entered in favor of Plaintiffs Bakery and Confectionery Union and Industry International Pension Fund and Trustees of the Bakery and Confectionery Union and Industry International Pension

Fund ("Plaintiffs") and against the Defendant Frisco Baking Company, Inc., a California Corporation ("Defendant").

Pursuant to the Judgment, the Defendant is ordered to pay to the Plaintiffs $1,304,291.76 plus any post-judgment interest as provided by 28 U.S.C. § 1961 from the date of entry of judgment in this action.

Dated: December 18, 2024

_____

HONORABLE ANDRÉ BIROTEE JR.
UNITED STATES DISTRICT JUDGE

# **ATTACHMENT 3**

Case 2:25-bk-13958-NB Claim 15-1 Part 2 Filed 05/15/25 Desc Attachment 1 Page
Main Document 6 of 36 Page 23 of 53



Dean C. Logan
Los Angeles County Registrar / Recorder
12400 Imperial Highway, Norwalk, CA
(800)201-8999

DOC ANALYSIS & RECORDING

NORWALK DEPARTMENT HEADQUARTER

Cashier: T. MOOREHEAD



art of your document - DO NOT DISCARD



## 20250101182

**Pages: 0005**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**02/18/25 AT 04:09PM**

*202502183320037*

Tuesday, February 18, 2025 4:09 PM

| FEES: | 29.00 |
|---|---|
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 29.00 |

Item(s)

| Fee | Qty | Total |
|---|---|---|

Recorded Document Count = 1

20250101182

| | | |
|---|---|---|
| BASIC RECORDING FEE | 1 | $9.00 |
| AB 1168 REDACTION FEE | 1 | $1.00 |
| Electronic Recording Fee | 1 | $1.00 |
| Micrographics Fee | 1 | $1.00 |
| Days of Operation Fee | 1 | $1.00 |
| Indexing | 1 | $1.00 |
| ADDITIONAL PAGE FEE (REVE | 3 | $3.00 |
| ADDITIONAL PAGE FEE (STAT | 3 | $3.00 |
| ADDITIONAL PAGE FEE (IMPR | 3 | $3.00 |
| First Page Fee (Improveme | 1 | $1.00 |
| D.A. SURCHARGE | 1 | $5.00 |

| Subtotal | = | $29.00 |
|---|---|---|
| **Total** | | **$29.00** |



**LEADSHEET**

Customer payment(s):

Check                    $29.00



202502183320037

**00025240992**

Check List:
#79019                    $29.00



015147238

**SEQ:
01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

RECORDING REQUESTED BY

_____

AND WHEN RECORDED MAIL DOCUMENT TO:

NAME  Katherine McDonough, Esq.
_____

STREET ADDRESS

605 Ellis Street, Suite 200
_____

CITY, STATE &
ZIP CODE

Mountain View, CA 94043
_____

02/18/2025

*20250101182*

SPACE ABOVE FOR RECORDER'S USE ONLY

Judgment
_____

Title of Document

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

☐ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).

☐ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee per GC 27388.1 (a) (1); fee cap of $225.00 reached.

☐ Exempt from the fee per GC 27388.1 (a) (1); not related to real property.

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

JS-6

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND,<br><br>And,<br><br>TRUSTEES OF THE BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND,<br><br>PLAINTIFFS,<br><br>V.<br><br>FRISCO BAKING COMPANY, INC., a California Corporation,<br><br>DEFENDANT. | CASE NO. 2:23-cv-07603-AB-RAO<br><br>**JUDGMENT GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT FRISCO BAKING COMPANY, INC.** |

Pursuant to the Order Granting Plaintiffs' Motion for Default Judgment (ECF No. 23), IT IS HEREBY ADJUDGED that Judgment is entered in favor of Plaintiffs Bakery and Confectionery Union and Industry International Pension Fund and Trustees of the Bakery and Confectionery Union and Industry International Pension

Fund ("Plaintiffs") and against the Defendant Frisco Baking Company, Inc., a California Corporation ("Defendant").

Pursuant to the Judgment, the Defendant is ordered to pay to the Plaintiffs $1,304,291.76 plus any post-judgment interest as provided by 28 U.S.C. § 1961 from the date of entry of judgment in this action.

Dated: December 18, 2024



_____

HONORABLE ANDRÉ BIROTEE JR.
UNITED STATES DISTRICT JUDGE



I hereby attest and certify on 2/18/25
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

1175

JASON JIANG



Dean C. Logan
Los Angeles County Registrar / Recorder
12400 Imperial Highway, Norwalk, CA
(800)201-8999

DOC ANALYSIS & RECORDING

NORWALK DEPARTMENT HEADQUARTER

Cashier:  S. GONZALEZ

*202502193240002*

Wednesday, February 19, 2025 8:57 AM

| Item(s) | | |
|---|---|---|
| Fee | Qty | Total |

Recorded Document Count = 1

20250102380
| | | |
|---|---|---|
| BASIC RECORDING FEE | 1 | $9.00 |
| D.A. SURCHARGE | 1 | $5.00 |
| INVOLUNTARY LIEN NOTICE | 1 | $9.00 |
| AB 1168 REDACTION FEE | 1 | $1.00 |
| Electronic Recording Fee | 1 | $1.00 |
| Micrographics Fee | 1 | $1.00 |
| Days of Operation Fee | 1 | $1.00 |
| Indexing | 1 | $1.00 |
| ADDITIONAL PAGE FEE (REVE | 2 | $2.00 |
| ADDITIONAL PAGE FEE (STAT | 2 | $2.00 |
| ADDITIONAL PAGE FEE (IMPR | 2 | $2.00 |
| First Page Fee (Improveme | 1 | $1.00 |
| CERTIFIED COPY (FIRST PAG | 1 | $6.00 |
| CERTIFIED COPY (ADDITIONA | 2 | $6.00 |

| Subtotal | = | $47.00 |
|---|---|---|

**Total**          **$47.00**

Customer payment(s):

| | |
|---|---|
| Check | $47.00 |

Check List:
#79230          $47.00

E497026

---

**is part of your document - DO NOT DISCARD**



## 20250102380



**Pages:
0004**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**02/19/25 AT 08:58AM**

| | | |
|---|---|---|
| FEES: | 35.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 35.00 |



**LEADSHEET**

202502193240002

00025243592



015148478

**SEQ:
01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

RECORDING REQUESTED BY

_____

AND WHEN RECORDED MAIL DOCUMENT TO:

NAME   Katherine McDonough, Esq.
_____

STREET ADDRESS
605 Ellis Street, Suite 200
_____

CITY, STATE &
ZIP CODE
Mountain View, CA 94043
_____

02/19/2025

*20250102380*

SPACE ABOVE FOR RECORDER'S USE ONLY

## Abstract of Judgment/Order

**Title of Document**

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

☐ **Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).**

☐ **Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.**

☐ **Exempt from fee per GC 27388.1 (a) (1); fee cap of $225.00 reached.**

☐ **Exempt from the fee per GC 27388.1 (a) (1); not related to real property.**

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

*WHEN RECORDED MAIL TO:*

Katherine McDonough (California Bar No. 241426)
kmcdonough@kraw.com
KRAW LAW GROUP, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND, et al, <br><br> PLAINTIFF(S), <br> v. <br><br> FRISCO BAKING COMPANY, INC., a California Corporation, <br><br> DEFENDANT(S). | CASE NUMBER: <br><br> CV 2:23-cv-07603-AB-RAO <br><br> **ABSTRACT OF JUDGMENT/ORDER** |

I certify that in the above-entitled action and Court, Judgment/Order was entered on 12/19/2024

in favor of Plaintiffs, Bakery and Confectionery Union and Industry International Pension Fund, and Trustees of the Bakery and Confectionery Union and Industry International Pension Fund

whose address is 10401 Connecticut Avenue Kensington Maryland 20895

and against Defendant, Frisco Baking Company, Inc., a California Corporation

whose last known address is 621 W AVE 26, Los Angeles, California 90065

for $ 1,275,188.00 _____ Principal, $ 0.00 _____ Interest, $ 0.00 _____ Costs,

and $ 29,103.76 _____ Attorney Fees.

ATTESTED this __18th__ day of __February__, 2025.

Judgment debtor's driver's license no. and state; _____ (last 4 digits) ☑ Unknown.

Judgment debtor's Social Security number; _____ (last 4 digits) ☑ Unknown.

☑  No stay of enforcement ordered by Court

☐  Stay of enforcement ordered by Court, stay date ends _____

Judgment debtor's attorney's name and address and/or
address at which summons was served:

Frisco Baking Company, Inc. c/o Damon M. Perata

621 W Ave 26

LOS ANGELES, CA 90065

CLERK, U.S. DISTRICT COURT

By _____

Deputy Clerk
**RAYLENE YOUNG**

1261

*NOTE: JUDGMENTS REGISTERED UNDER 28 U.S.C. §1963 BEAR THE RATE OF INTEREST OF THE DISTRICT OF ORIGIN AND CALCULATED AS OF THE DATE OF ENTRY IN THAT DISTRICT.*

G-18 (03/12)  ABSTRACT OF JUDGMENT/ORDER



I hereby attest and certify on 2/18/25
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

1175

DIMITRI ENGLISH

Case 2:25-bk-13958-NB Doc 15-1 Filed 04/14/26 Entered 04/14/26 14:06:18 Desc
Main Document Page 45 of 39 Page 32 of 53

**This page is part of your document - DO NOT DISCARD**



**20250102380**



**Pages:**
**0004**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**02/19/25 AT 08:58AM**

| | |
|---|---|
| FEES: | 35.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 35.00 |



**L E A D S H E E T**



202502193240002

00025243592

015148478

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**



RECORDING REQUESTED BY

AND WHEN RECORDED MAIL DOCUMENT TO:

NAME    Katherine McDonough, Esq.

STREET ADDRESS

605 Ellis Street, Suite 200

CITY, STATE &
ZIP CODE
Mountain View, CA 94043

02/19/2025

*20250102380*

SPACE ABOVE FOR RECORDER'S USE ONLY

## Abstract of Judgment/Order

**Title of Document**

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

☐ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).

☐ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee per GC 27388.1 (a) (1); fee cap of $225.00 reached.

☐ Exempt from the fee per GC 27388.1 (a) (1); not related to real property.

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

*WHEN RECORDED MAIL TO:*

Katherine McDonough (California Bar No. 241426)
kmcdonough@kraw.com
KRAW LAW GROUP, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND, et al, <br><br> PLAINTIFF(S), <br> v. <br><br> FRISCO BAKING COMPANY, INC., a California Corporation, <br><br> DEFENDANT(S). | CASE NUMBER: <br><br> CV 2:23-cv-07603-AB-RAO <br><br> **ABSTRACT OF JUDGMENT/ORDER** |

I certify that in the above-entitled action and Court, Judgment/Order was entered on 12/19/2024

in favor of Plaintiffs, Bakery and Confectionery Union and Industry International Pension Fund, and Trustees of the Bakery and Confectionery Union and Industry International Pension Fund

whose address is 10401 Connecticut Avenue Kensington Maryland 20895

and against Defendant, Frisco Baking Company, Inc., a California Corporation

whose last known address is 621 W AVE 26, Los Angeles, California 90065

for $ 1,275,188.00 Principal, $ 0.00 Interest, $ 0.00 Costs,

and $ 29,103.76 Attorney Fees.

ATTESTED this 18th day of February 2025.

Judgment debtor's driver's license no. and state; _____ (last 4 digits) ☑ Unknown.

Judgment debtor's Social Security number; _____ (last 4 digits) ☑ Unknown.

☑ No stay of enforcement ordered by Court

☐ Stay of enforcement ordered by Court, stay date ends _____

Judgment debtor's attorney's name and address and/or
address at which summons was served:

Frisco Baking Company, Inc. c/o Damon M. Perata

621 W Ave 26

LOS ANGELES, CA 90065

CLERK, U.S. DISTRICT COURT

By _____
Deputy Clerk
RAYLENE YOUNG

1261

*NOTE: JUDGMENTS REGISTERED UNDER 28 U.S.C. §1963 BEAR THE RATE OF INTEREST OF THE DISTRICT OF ORIGIN AND CALCULATED AS OF THE DATE OF ENTRY IN THAT DISTRICT.*

G-18 (03/12)                     ABSTRACT OF JUDGMENT/ORDER

I hereby attest and certify on 2/18/25
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

1175

DIMITRI ENGLISH

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

FEB 19 2025

Dean C. Logan   REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

Case 2:25-bk-13998-NB Doc 15-1 Filed 04/14/26 Entered 04/14/26 14:06:18 Page
Page 38 of 53

# ATTACHMENT 4

# BAKERY AND CONFECTIONERY UNION AND INDUSTRY

# INTERNATIONAL HEALTH BENEFITS AND PENSION FUND

10401 Connecticut Avenue  •  Kensington, Maryland 20895-3960
(301) 468-3700       http://www.bctrustfunds.org       Fax (301) 468-3749

September 3, 2021

**VIA CERTIFIED MAIL AND EMAIL**

Frisco Baking Company          Mr. Daniel Sobol, Esquire
Attn; Damon Perata             Stevens & Lee
621 W Avenue 26                1500 Market Street, East Tower
Los Angeles, CA  90065         Philadelphia, PA 19102

Re:     **Demand for Payment of Withdrawal Liability for Frisco Baking Company, OC#0525**

Dear Mr. Perata and Mr. Sobol:

According to the records of the Bakery and Confectionery Union and Industry International Pension Fund (the Fund), Frisco Baking Company has effected a total withdrawal from the Fund by ceasing contributions at its Los Angeles, CA facility (Account 1145B, Local 037), thereby subjecting it to withdrawal liability under the Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (the Act). In accordance with the requirements of that Act, we hereby make demand for payment of withdrawal liability in accordance with the schedule described below.

Based on the formula described in Section 4211(c)(3) of the Act, using 10-year contribution periods as permitted under Section 4211(c)(5)(C), we have computed Frisco Baking Company liability to the Fund to be in the amount of $12,139,921 as of January 11, 2021, the date of termination due to delinquency.

Under Section 4219(c)(1)(C)(i), and in accordance with Section 4219(C)(3), and with the rules of the Board of Trustees of the Fund, you are required to satisfy the liability through the payment of monthly installments in the amount of $26,676. At this rate to pay the withdrawal liability plus interest, payments will be required for a period of 240 months. Note that in the event of a mass withdrawal as described in Section 4219(c)(1)(D), Frisco Baking Company's allocated liability to the Fund and this payment schedule could change, and the limitation on payments in Section 4219(c)(1)(B) will not apply.

Continued



Frisco Baking Company
September 3, 2021
Page 2

Frisco Baking Company is required to make payment of the monthly installments described above no later than 60 days after the date of demand, notwithstanding any requests for review or appeal which they have the right to make, as described below. In order for the parties to maintain systematic record keeping controls of monthly withdrawal liability payments due, we are extending the due date of the first monthly installment. Accordingly, Frisco Baking Company's first monthly installment is due to the Fund on November 1, 2021. All subsequent monthly payments will be due on the first of each month. Failure to begin payment of withdrawal liability as required may constitute a default, which will then entitle the Fund to require immediate payment of the full amount of withdrawal liability owed.

Under Section 4219(b)(2)(A), Frisco Baking Company has the right within 90 days after receipt of this demand to:

1. Ask the undersigned to review any specific matter relating to the determination of the withdrawal liability and the schedule of payments;

2. Identify any inaccuracy in the determination of the amount of the unfunded vested benefits allocable to Frisco Baking Company; and,

3. Furnish any additional relevant information to the undersigned.

If Frisco Baking Company chooses to exercise its right to request review of the determination of withdrawal liability, you will be notified as soon as possible of the final decision of the Fund.

Attached are the withdrawal worksheet, payment schedule worksheet, withdrawal factors and contribution history that support the figures described above.

Very truly yours,

Steven D. Brock
Manager, Administrative Services

SDB: nl

Enclosures (4)

cc: BCTGM Local Union 037

u:\withdrawal liability\current - demand letters\2021\frisco baking co #0525 8-24-21.doc

**BAKERY AND CONFECTIONERY UNION AND INDUSTRY
INTERNATIONAL PENSION FUND**

Withdrawal Liability Worksheet
For Total Withdrawal Occurring in the Period
January 1, 2021 - December 31, 2021

**Frisco Baking Company - Ownership Code # 0525**

| | | | |
|---|---|---|---|
| 1 | December 31, 2020 unfunded present value of vested benefits* | = | $5,133,663,739 |
| 2 | Outstanding collectibles expected to be collected for previously withdrawn employers | = | $372,672,008 |
| 3 | Net unfunded vested benefits (1) - (2) | = | $4,760,991,731 |
| 4 | Total contributions of withdrawing employer 1/1/2011 - 12/31/2020** | = | $2,717,691 |
| 5 | Pension employer contributions net of withdrawn substantial employers January 1, 2011 - December 31, 2020** | = | $1,098,138,696 |
| 6 | Allocable share of unfunded vested benefits = Items (3) x (4) / (5) | = | $11,782,576 |
| 7 | Affected Benefits Pool as of December 31, 2020 | = | $137,240,387 |
| 8 | Total contributions of withdrawing employer 1/1/2016 - 12/31/2020** | = | $1,456,631 |
| 9 | Pension employer contributions net of withdrawn substantial employers January 1, 2016 - December 31, 2020** | = | $559,426,994 |
| 10 | Allocable share of Affected Benefits Pool = Items (7) x (8) / (9) | = | $357,345 |
| 11 | Preliminary allocable share of unfunded vested benefits = Items (6) + (10) | = | $12,139,921 |
| 12 | Item 11 - $100,000 (but no more than $50,000 and not less than zero) | = | $50,000 |
| 13 | *De Minimis* deductible: $50,000 – item (12) (but not more than item (11)) | = | $0 |
| 14 | Net allocable share of unfunded vested benefits***: Items (11) – (13), but not less than zero | = | $12,139,921 |
| 15 | Average annual number of cbu's (hours) for the three consecutive highest Plan years in the last ten Plan years preceding year of withdrawal | = | 96,083 |
| 16 | Highest contribution rate during last ten years ** | = | $3.3142 |
| 17 | Total annual withdrawal liability payment = Items (15) x (16) | = | $318,437 |
| 18 | Monthly withdrawal liability payment adjusted for interest = Item (17)/ 11.9373 | = | $26,676 |

\* *Excluding unamortized value of Affected Benefits Pools*

\*\* *Excluding all surcharges and any increases required under the Rehabilitation Plan after December 31, 2014*

\*\*\* *Does not reflect any adjustment that may be applicable due to application of the 20-year cap in accordance with ERISA 4219(c)(1)(B).*

WLWorksheet_2021 Frisco Baking OC# 0525

# BAKERY AND CONFECTIONERY UNION AND INDUSTRY
## INTERNATIONAL PENSION FUND

Worksheet for Determining Monthly Payment
and Length of Payment Period

Employer Name:    **Frisco Baking Company**    Acct. No.    **0525**

| | | | |
|---|---|---|---:|
| (a) | Required annual payment | $ | 318,437 |
| (b) | Withdrawal liability after deductible | $ | 12,139,921 |
| (c) | Amortization ratio  =  (b) / (a) | | 38.123462 |
| (d) | Largest value in Table Factor I which is less than (c) | | 11.734710 |
| (e) | Number of years for value (d) | | 20 |
| (f) | Amount amortized in (e) years  =  (a) x (d) | $ | 3,736,766 |
| (g) | Amount left to amortize  =  (b) - (f) | $ | 8,403,155 |
| (h) | Table Factor II value for (e) years | | 3.523645 |
| (i) | Amount to amortize in final year  =  (g) x (h) | $ | 29,609,735 |
| (j) | Quarterly payment = (a)/4 | $ | 79,609 |
| (k) | Full quarters to pay in final year  =  (i) / (j) | | 0 |
| (l) | Amount to pay in final quarter = (i) -[(j) x (k)] | | 0 |
| (m) | Monthly payment, adjusted for interest    = (j) / 2.984325 | $ | 26,676 |
| (n) | Number of full monthly payments in final quarter =  (l)/(m) | | 0 |
| (o) | Number of full monthly payments  = [12 x (e)] + [3 x (k)] + (n) | | 240 |
| (p) | Table Factor III value for (n) months | | 0.000000 |
| (q) | Amount amortized in (n) months = (p) x (m) | $ | 0 |
| (r) | Amount left to amortize  =  (l) - (q) | $ | 0 |
| (s) | Table Factor IV value for (n) months | | 1.000000 |
| (t) | Final payment = (s) x (r) | $ | 0 |

Employer payment schedule:

$    26,676    (m) per month for    240    (o) months plus a final payment of
$    0    (t).

Withdrawal Liability Factors
Based on 6.5% Interest Rate
For withdrawals occurring in Plan year 2021

|  | interest rate = | Interest Rate |  | 6.50% |
|---|---|---|---|---|
| **Number of Years** | **Factor I** |  |  | **Factor II** |
| 0 | 0.000000 | 0 |  | 1.000000 |
| 1 | 1.000000 | 1 |  | 1.065000 |
| 2 | 1.938967 | 2 |  | 1.134225 |
| 3 | 2.820626 | 3 |  | 1.207950 |
| 4 | 3.648476 | 4 |  | 1.286466 |
| 5 | 4.425799 | 5 |  | 1.370087 |
| 6 | 5.155679 | 6 |  | 1.459142 |
| 7 | 5.841014 | 7 |  | 1.553987 |
| 8 | 6.484520 | 8 |  | 1.654996 |
| 9 | 7.088751 | 9 |  | 1.762570 |
| 10 | 7.656104 | 10 |  | 1.877137 |
| 11 | 8.188830 | 11 |  | 1.999151 |
| 12 | 8.689042 | 12 |  | 2.129096 |
| 13 | 9.158725 | 13 |  | 2.267487 |
| 14 | 9.599742 | 14 |  | 2.414874 |
| 15 | 10.013842 | 15 |  | 2.571841 |
| 16 | 10.402669 | 16 |  | 2.739011 |
| 17 | 10.767764 | 17 |  | 2.917046 |
| 18 | 11.110577 | 18 |  | 3.106654 |
| 19 | 11.432466 | 19 |  | 3.308587 |
| 20 | 11.734710 | 20 |  | 3.523645 |

2.984325

adjustment for monthly payments instead of quarterly payments

| **Number of Months** | **Factor III** |  | **Factor IV** |
|---|---|---|---|
| 0 | 0.000000 | 0 | 1.000000 |
| 1 | 1.000000 | 1 | 1.005262 |
| 2 | 1.994766 | 2 | 1.010551 |

PROGRAM-ID: CSHYR225
REPORT-ID: WITHDRAWAL LIABILITY

BAKERY AND CONFECTIONERY UNION AND INDUSTRY
INTERNATIONAL HEALTH BENEFITS AND PENSION FUNDS
RECAP OF PENSION PLAN CONTRIBUTION HISTORY 10 YEARS
FOR OWNERSHIP CODE 525

DATE:  07-23-2021
TIME:  10:33:52 AM
PAGE:  1 OF 2

| ACCT | CITY STATE | OPTION | YEAR | PENSION AMOUNT | PENSION UNITS |
|------|-----------|--------|------|----------------|---------------|
| 1145B | LOS ANGELES CA | P05162013 | 2011 | $237,147.60 | 95,240.00 |
|  | YEAR SUB TOTAL |  | 2011 | $237,147.60 | 95,240.00 |
| 1145B | LOS ANGELES CA | P05162013 | 2012 | $249,199.20 | 100,080.00 |
|  | YEAR SUB TOTAL |  | 2012 | $249,199.20 | 100,080.00 |
| 1145B | LOS ANGELES CA | P05162013 | 2013 | $248,317.14 | 87,408.00 |
|  | YEAR SUB TOTAL |  | 2013 | $248,317.14 | 87,408.00 |
| 1145B | LOS ANGELES CA | P05162013 | 2014 | $259,987.30 | 80,880.00 |
|  | YEAR SUB TOTAL |  | 2014 | $259,987.30 | 80,880.00 |
| 1145B | LOS ANGELES CA | P05162013 | 2015 | $266,408.65 | 80,384.00 |
|  | YEAR SUB TOTAL |  | 2015 | $266,408.65 | 80,384.00 |
| 1145B | LOS ANGELES CA | P05162013 | 2016 | $276,245.20 | 83,352.00 |
|  | YEAR SUB TOTAL |  | 2016 | $276,245.20 | 83,352.00 |
| 1145B | LOS ANGELES CA | P05162013 | 2017 | $312,940.02 | 94,424.00 |
|  | YEAR SUB TOTAL |  | 2017 | $312,940.02 | 94,424.00 |
| 1145B | LOS ANGELES CA | P05162013 | 2018 | $314,849.00 | 95,000.00 |
|  | YEAR SUB TOTAL |  | 2018 | $314,849.00 | 95,000.00 |
| 1145B | LOS ANGELES CA | P05162013 | 2019 | $327,522.50 | 98,824.00 |
|  | YEAR SUB TOTAL |  | 2019 | $327,522.50 | 98,824.00 |
| 1145B | LOS ANGELES CA | P05162013 | 2020 | $225,073.95 | 67,912.00 |
|  | YEAR SUB TOTAL |  | 2020 | $225,073.95 | 67,912.00 |

~LND-PUT-3TP-TR1-TLS

Case 2:25-bk-10308-NB Claim 15-1 Part 2 Filed 04/14/25 Desc Main Document Page 45 of 53

PROGRAM-ID:  CSHYR225
REPORT-ID:   WITHDRAWAL LIABILITY

BAKERY AND CONFECTIONERY UNION AND INDUSTRY
INTERNATIONAL HEALTH BENEFITS AND PENSION FUNDS
RECAP OF PENSION PLAN CONTRIBUTION HISTORY 10 YEARS
FOR OWNERSHIP CODE 525

DATE:  07-23-2021
TIME:  10:33:52 AM
PAGE:  2 OF 2

| ACCT | CITY STATE | OPTION | YEAR | PENSION AMOUNT | PENSION UNITS |
|---|---|---|---|---|---|
| | TOTAL | | | $2,717,690.56 | 883,504.00 |
| | LAST 5-YRS TOTAL CONT. | | | $1,456,630.67 | |
| | 3 YEAR AVERAGE | 2017 TO 2019 | | | 96,082.67 |
| | 5 YEAR AVERAGE | 2015 TO 2019 | | | 90,396.80 |
| | MAX RATE | 3.3142 | | | |

~LND~DUT~3TP~TR1~TLS

# ATTACHMENT 5

# Bakery and Confectionery Union and Industry

# International Health Benefits and Pension Fund

10401 Connecticut Avenue • Kensington, Maryland 20895-3960
(301) 468-3700          http://www.bctrustfunds.org          Fax (301) 468-3749

July 29, 2024

**VIA CERTIFIED MAIL AND EMAIL**

Frisco Baking Company   Mr. Daniel Sobol, Esquire
Attn: Damon Perata        Stevens & Lee
621 W Avenue 26           1500 Market Street, East Tower
Los Angeles, CA 90065    Philadelphia, PA  19102

**Re:**    **Default Demand for Withdrawal Liability Frisco Baking Co., #0525**

Dear Mr. Perata:

Frisco Baking Company is obligated to pay withdrawal liability to the Bakery and Confectionery Union and Industry International Pension Fund (the "Fund") in the amount of $12,139,921, as set forth in the Fund's letter dated September 3, 2021.  That letter demanded payment of this liability in installments of $26,676 per month for two hundred and forty [240] months, payments were scheduled to commence November 1, 2021.

**As of this date, installment payments have not been received by the Fund for the months of November 1, 2023 through July 1, 2024.  Frisco Baking Company is therefore delinquent in payment of its withdrawal liability.**

Under the applicable federal statute, **you have 60 days from the date on which you receive this letter to cure the delinquency** in payment, or you will be declared in default and immediately owe the entire outstanding amount of the withdrawal liability, plus interest from November 1, 2021.

If Frisco Baking Company remits $240,084 in unpaid installments for November 1, 2023 through July 1, 2024 [nine months at $26,676] immediately, you will be entitled to pay the remainder of your withdrawal liability in monthly installments of $26,676 per month, beginning August 1, 2024, until the liability is satisfied.  If Frisco Baking Company does not cure this default within the prescribed time, they will have lost the privilege and be required to pay the full amount remaining on the payment schedule at once.



Frisco Baking Company
July 29, 2024
Page 2

Continued refusal to make the installment payments, will result in the Fund counsel being instructed to file a lawsuit against Frisco Baking Company to collect the unpaid installments, plus the interest due to date. Further, if Frisco Baking Company does not cure the default within sixty [60] days, Fund counsel will be instructed to sue for the entire outstanding amount of the withdrawal liability, plus interest and liquidated damages. If the Fund recovers a judgment from Frisco Baking Company on either of those claims, you will also be liable for Fund attorney fees and court costs.

To reiterate, payment of the delinquent installments with interest [a total of $240,084] due immediately will avoid those additional costs and permit you to pay the balance of the withdrawal liability in monthly installments. This is Frisco Baking Company's last opportunity to avoid those additional costs.

Sincerely,

Steven D. Brock
Manager, Administrative Services

SDB: nl

# ATTACHMENT 6

# Bakery and Confectionery Union and Industry International Pension Fund

## Agreement and Declaration of Trust



DATED
SEPTEMBER 11, 1955
INCLUDING ALL AMENDMENTS
ADOPTED THROUGH
DECEMBER 1, 2022

statement contained in any such writing, but may accept the same as conclusive evidence of the truth and accuracy of the statements therein contained.

Neither the Employers, the International Union or the Local Union shall in any way be liable in any respect for any of the acts, omissions or obligations of the Trustees, individually or collectively.

The Trustees may from time to time consult with the Trust's legal counsel and shall be fully protected in acting upon such advice of counsel to the Trust as respects legal questions.

The Trustees may purchase, at fund expense, appropriate fiduciary liability insurance coverage for the Trustees, provided that any non-recourse premiums may not be paid from Fund assets.

*Section 7.* BOOKS OF ACCOUNT. The Trustees shall keep true and accurate books of account and records of all their transactions, which shall be audited annually or oftener by a certified public accountant selected by the Trustees. Such audits shall be available at all times for inspection by the International Union, the Local Unions and the Employers at the principal office of the Fund.

*Section 8.* EXECUTION OF DOCUMENTS. The Trustees may authorize an Employer Trustee and a Union Trustee or any joint group equally composed of Employer and Union Trustees to jointly execute any notice or other instrument in writing and all persons, partnerships, corporations, or associations may rely thereupon that such notice or instrument has been duly authorized and is binding on the Fund and the Trustees.

*Section 9.* DEPOSIT AND WITHDRAWAL OF FUNDS. All moneys received by the Trustees hereunder shall be deposited by them in such bank or banks as the Trustees may designate for that purpose and all withdrawals of moneys from such account or accounts shall be made only by checks signed by the Trustees authorized in writing by the Trustees to sign such checks. Except as hereinafter provided, no checks shall be valid unless signed by two persons of whom one shall be a Union Trustee and one an Employer Trustee. The Employer Trustees shall designate in writing the names of the particular and the alternate Employer Trustees who may sign checks in the above manner, and the Union Trustees shall likewise designate in writing the names of the particular and alternate Union Trustees who may sign checks in the above manner.

The Trustees may, in their discretion, designate and authorize an Employee of the Trust to sign checks upon such separate and specific bank account or bank accounts as the Trustees may designate and establish for such purpose.

*Section 10.* SURETY BONDS. The Trustees and any employees of the Trustees who are empowered and authorized to sign checks as aforesaid shall each be bonded by a duly authorized surety company in such amounts as may be determined from time to time by the Trustees. Each such employee employed by the Trustees who may be engaged in handling moneys of the Trust Fund shall also be bonded by a duly authorized surety company in the same manner. The cost of the premium on such bonds shall be paid out of the Fund.

# ARTICLE V.

## CONTRIBUTIONS TO THE FUND

*Section 1.* RATE OF CONTRIBUTIONS. In order to effectuate the purposes hereof, each Employer shall contribute to the Fund the amount required by the Collective Bargaining Agreement between the Local Union and the Employer, by any written agreement between the Employer and the Fund, or by applicable obligations imposed by labor law or ERISA. The rate of contribution shall at all times be governed by the aforesaid Collective Bargaining Agreement (other agreement or applicable legal obligation) then in force and effect, together with any amendments, supplements or modifications thereto.

*Section 2.* EFFECTIVE DATE OF CONTRIBUTIONS. All contributions shall be made effective as required by the Collective Bargaining Agreement or other written agreement or legal obligation, and shall continue to be paid as long as the Employer is so obligated pursuant to the Collective Bargaining Agreement with the Local Union or until the Employer ceases to be an Employer within the meaning of this Agreement and Declaration of Trust as hereinafter provided.

*Section 3.* MODE OF PAYMENT. All contributions shall be payable to the Bakery and Confectionery Union and Industry International Pension Fund and shall be paid in the manner and form determined by the Trustees.

*Section 4.* DEFAULT IN PAYMENT. Nonpayment by an Employer of any contributions when due shall not relieve any other Employer of its obligation to make payments. In addition to any other remedies to which the parties may be entitled, an Employer in default for ten working days may be required at the discretion of the Trustees to pay such reasonable rate of interest as the Trustees may fix on the moneys due to the Trustees from the date when the payment was due to the date when payment is made, together with liquidated damages and all expenses of collection incurred by the Trustees, including the recovery of reasonable counsel fees. The Trustees may take any action necessary to enforce payment of the contributions due hereunder, including but not limited to proceedings at law and in equity.

*Section 5.* REPORT ON CONTRIBUTIONS. The Employers shall make all reports on contributions required by the Trustees. The Trustees may at any time have an audit made by independent certified public accountants of the payroll and wage records of any Employer in connection with the said contributions and/or reports.

*Section 6.* PAYMENT OF WITHDRAWAL LIABILITY. Each Employer shall pay to the Fund all amounts due as a result of a partial or total withdrawal from the Fund, as determined by the Trustees in accordance with the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 and other applicable law. Withdrawal liability amounts shall be payable in the manner and form determined by the Trustees. The Trustees shall have full authority to

5

adopt rules and regulations setting forth procedures for the determination and collection of withdrawal liability, including the imposition of interest and liquidated damages for delinquent payments, which shall be binding on the Employers.

*Section 7*. RETURN OF MISTAKEN CONTRIBUTIONS. To the extent permitted by ERISA, the Internal Revenue Code, and other applicable law, in the event that the Trustees or their designees determine that an Employer has made a contribution to the Fund by mistake of fact or law, that no benefits have been paid to Employees or their families and dependents as a consequence of the mistake, and that the mistaken contribution can be returned to the Employer without actuarial harm to the Fund, the Trustees may return the mistaken contribution to the Employer in their sole and absolute discretion, but shall not be required to do so.

# ARTICLE VI.
## PLAN OF BENEFITS

*Section 1*. BENEFITS. The Trustees shall have full authority to determine all questions of nature, amount and duration of benefits to be provided based on what it is estimated the Fund can provide without undue depletion or excessive accumulation, provided, however, that no benefits other than pension or annuity benefits may be provided for or paid under this Agreement and Declaration of Trust.

*Section 2*. RECIPIENTS OF BENEFITS. Benefits may be provided in accordance with Section 1 of this Article for any Employee of a contributing Employer covered by a collective bargaining agreement between the Employer and the Local Union.

*Section 3*. ELIGIBILITY REQUIREMENTS FOR BENEFITS. The Trustees shall have full discretionary authority to determine eligibility requirements for benefits and to adopt rules and regulations setting forth same which shall be binding on all parties.

*Section 4*. METHOD OF PROVIDING BENEFITS. The benefits shall be provided and maintained by such means as the Trustees shall in their sole discretion determine.

*Section 5*. WRITTEN PLAN OF BENEFITS. The detailed basis on which payment of benefits is to be made pursuant to this Agreement shall be specified in writing by appropriate resolutions of the Trustees subject, however, to such change or modification by the Trustees from time to time as they in their discretion may determine. All such changes or modifications shall similarly be specified in writing by appropriate resolution of the Trustees. The Trustees shall have full discretionary authority to administer and interpret the Plan.

*Section 6*. INFORMATION TO COVERED EMPLOYEES. The Trustees shall cause to be distributed to each covered Employee, deferred vested participant and retiree a booklet explaining the terms and conditions of the Bakery and Confectionery Union and Industry International Pension Plan and any and all amendments thereto. Amendments which may be adopted subsequent to the distribution of such booklets and an explanation thereof shall be distributed to all covered Employees, deferred vested participants and retirees. Such booklets and amendments may be distributed to local unions as needed and may appear in the official monthly publication of the Bakery, Confectionery, Tobacco Workers and Grain Millers International Union in the issue next following the date of their adoption.

*Section 7*. IRS APPROVED PLAN. The Pension Plan adopted by the Trustees shall be such as will qualify for approval by the Internal Revenue Service, U.S. Treasury Department, and will continue as a qualified Plan, so as to insure that the employer contributions to the Pension Fund are proper deductions for income tax purposes. The Trustees are authorized to make whatever applications are necessary with the Internal Revenue Service to receive and maintain approval of the Pension Plan.

*Section 8*. DETERMINING CLAIMS FOR BENEFITS. The Trustees shall have full discretionary authority to determine all claims for benefits, provided that they may delegate to the duly designated administrator of the Fund authority to determine such claims initially. Any individual adversely affected by an initial determination of the administrator shall have the right to submit a written appeal to the Trustees (or any committee to which the Trustees have delegated authority). The decision of the Trustees (or committee) shall be final and binding on all parties.

*Section 9*. FIDUCIARY STATUS OF TRUSTEES. In exercising any of the powers and authorities granted to them by Sections 1 through 5 of Article VI of this Agreement and Declaration of Trust, the Trustees shall act as fiduciaries within the meaning of section 3(21) of ERISA.

# ARTICLE VII.
## MEETING AND DECISIONS OF TRUSTEES

*Section 1*. OFFICERS OF TRUSTEES. The Trustees shall meet as promptly as possible after the execution of this Agreement and Declaration of Trust and elect a Chairman and a Secretary from among the Trustees. The terms of such officers shall commence on the date of their election and continue to the end of the calendar year or until his or their successors have been elected. At no time shall both offices be held by Trustees designated by the same parties.

*Section 2*. MEETING OF TRUSTEES. Meetings of the Trustees shall be held at such place or places as may be agreed upon by the Chairman and Secretary and may be called by the said officers upon ten (10) days' written notice to the other Trustees and may be held at any time without such notice if all the Trustees consent thereto in writing. Meetings may be held by electronic means so long as all participants can speak and be heard contemporaneously, or through a mixture of in-person and electronic means.